**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA

CASE NO: 08-20054

vs.

DISTRICT JUDGE THOMAS L. LUDINGTON

BERNARD CONLEY

MAGISTRATE JUDGE CHARLES E. BINDER

_____/

## ORDER OF DETENTION

I note first that the Defendant is before the Court on allegations of violations of supervised release.  He therefore stands before the court already convicted of the crime of distribution of cocaine base, in violation of 21 U.S.C. § 841.  Under F. R. CRIM. P. 32.1(a)(6) and 18 U.S.C. §3143, I am required to detain a person unless there is clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released.  In contrast to pre-trial detention, the burden to produce this clear and convincing evidence is on the Defendant.

Moreover, under 18 U.S.C. § 3142(f)(1)(C), detention appears to be mandatory in light of Defendant's underlying conviction for a controlled substance offense for which the maximum punishment is ten years or more.  (Doc. 16.)  Mandatory detention may only be avoided where there is a substantial likelihood that a motion for acquittal or new trial will be granted, **or** Government counsel has recommended no sentence of imprisonment, **and** Defendant is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(a)(2)(A)(i)(ii) and (B)(emphasis supplied). In the instant case, there is no evidence that Defendant's plea-based conviction will be overturned, and counsel for the government has not recommended that imprisonment be avoided.  On the contrary, government counsel persists in

the motion for detention. I therefore find that detention is mandatory.

Even if these conditions could be satisfied and mandatory detention could otherwise be avoided, I further find that detention is warranted since Defendant has not shown that he is not likely to pose a danger to the community. The evidence presented, as proffered by counsel and corroborated by the sworn statement of the supervising probation officer in the violation report, indicates that since his release on supervision the Defendant has tested positive 11 times for the presence of marijuana. These facts appear to be *per se* violations of the Defendant's conditions of supervised release. On more than one occasion the Defendant has admitted his use of marijuana to his supervising probation officer. These admissions are corroborated today by defense counsel's proffer. The Assistant United States Attorney is correct that in order to use illegal drugs one must purchase drugs. Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Moreover, the sworn statement of the supervising probation officer indicates that the Defendant has on six occasions failed to appear for required random urinalysis screening, and on one occasion was found to have tampered with the screening process. These again appear to be *per se* violations of supervised release. I therefore find first that based on the evidence

presented, there is probable cause to believe that the Defendant has violated conditions of supervised release. I further find that the Defendant has failed to meet his burden of showing by clear and convincing evidence that he is not likely to flee, or more importantly, pose a danger to the community. The Government's motion to detain will therefore be **GRANTED**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: May 8, 2013 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and Barbara Klimaszewski, and served by other electronic means on District Judge Ludington, Probation Officer Walkowiak, and the U.S. Marshals Service in Bay City.

Date: May 8, 2013          By     s/*Jean L. Broucek*
                                             Case Manager to Magistrate Judge Binder